UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ERIC BOLDEN,

    Plaintiff,

    v.                                       Case No. C-1-09-267

HYDE PARK LANDSCAPE & TREE
SERVICE, INC., et al.,

    Defendants.

**ORDER**

This matter is before the Court upon the briefs of the parties addressing the issue of whether there is federal jurisdiction over plaintiff's cause of action. Defendants Hyde Park Landscape & Tree Service, Inc. ("Hyde Park Landscape") and Michael Shumrick (collectively "the Hyde Park Landscape defendants") and Community Insurance Company ("CIC") have filed briefs in support of the Court's subject matter jurisdiction. Docs. 22, 23, 25, 26. Plaintiff Eric Bolden has filed a brief contesting the existence of subject matter jurisdiction over his claims. Doc. 24. CIC requests oral argument, asserting that it would be useful to address various aspects of the complete preemption analysis and to answer any additional questions the Court may have.

**I. Introduction**

Plaintiff originally filed this action in the Court of Common Pleas for Hamilton County, Ohio. Anthem Blue Cross Blue Shield Partnership Plan, Inc. ("Anthem"), who was named as a

1

defendant in the original complaint, removed the case on April 15, 2009, pursuant to 28 U.S.C. § 1441 (doc. 1). Defendant states in the Notice of Removal that this is a civil action over which the district court has original jurisdiction because plaintiff asserts a claim for benefits allegedly owing under the terms of a health care plan that is regulated under the Employee Retirement Income Security Act (ERISA) pursuant to 29 U.S.C. § 1132(a)(1)(B), so that plaintiff's claims are completely preempted by federal law.

## II. Allegations of the Complaint

Plaintiff makes the following allegations in the original complaint: Plaintiff is a resident of Hamilton County, Ohio; Hyde Park Landscape is a company with headquarters in Cincinnati, Ohio, which is licensed to do business in Hamilton County; Shumrick is believed to be the president/owner of Hyde Park Landscape; Anthem is a foreign corporation licensed to do business in Ohio; and John Doe is an insurance agent for Anthem who is believed to reside in Ohio.

Hyde Park Landscape hired plaintiff on or about June 2005. He elected to participate in the company's medical insurance program ("the Plan"), and the company deducted approximately $82.00 per week from his paycheck for medical insurance premiums. On or about February 22, 2007, plaintiff was diagnosed with end-stage renal disease and the following month he was placed on a waiting list for a kidney transplant. Plaintiff was hospitalized and his medical expenses were largely covered by the Plan. On or about August 2007, Shumrick told plaintiff that Anthem had informed him that it would significantly increase the company's insurance premiums due to plaintiff's medical condition and had advised Shumrick to terminate plaintiff to keep the company's premiums from substantially increasing. Shumrick thereafter terminated plaintiff's

medical coverage. Because plaintiff no longer had medical coverage, he was subsequently removed from the kidney transplant list. Plaintiff also alleges that by reason of an express and implied verbal contract between Hyde Park Landscape and him, he was entitled to medical health insurance as a term and condition of his continued employment but the company breached the agreement by cancelling his insurance coverage.

Based on these allegations, plaintiff brings claims for disability discrimination under Ohio Rev. Code § 4112.02 (Count I), intentional infliction of emotional distress (Count II), and negligent infliction of emotional distress (Count III). He claims that as a direct result of defendants' conduct, he has suffered "loss of compensation, loss of fringe benefits, loss of opportunity to obtain a kidney transplant, . . . medical expenses, loss of future earnings, loss of future earning capacity and loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect himself from Defendants' unlawful discrimination, including costs, expert's fees and attorney's fees." Plaintiff also brings a claim for breach of contract (Count IV) alleging that he has suffered a loss in earnings, medical costs, and a lost opportunity to obtain a kidney transplant. As damages for all these claims, plaintiff seeks (1) equitable relief in the form of compensation for medical expenses and deterioration of his health due to defendants' cancellation of his health insurance, (2) compensatory damages in excess of $25,000 for adverse health effects, loss of his opportunity to obtain a kidney transplant, and loss of future earnings as well as other damages, (3) punitive damages, and (4) reasonable attorney fees and costs.

### III. Post-Removal Proceedings

After the case was removed, Community Insurance Company, Inc. ("CIC"), which states

that it is incorrectly designated as Anthem in the complaint, moved to dismiss the counts of the complaint against it (doc. 8) and Hyde Park Landscape filed an answer to the complaint (doc. 10). On April 24, 2009, CIC filed a Notice of Insufficiency of Service of Process (doc. 11). Plaintiff failed to respond to CIC's motion to dismiss and to the Notice of Insufficiency of Service of Process. Plaintiff instead filed a motion for leave to file a first amended complaint (doc. 15). The Proposed First Amended Complaint (doc. 16) omits the counts of the original complaint asserted against Anthem/CIC and adds a new claim, Count V, against this defendant for Tortious Interference with a Business and Contractual Relationship.

The Court held a hearing on September 15, 2009. At the hearing, the Court raised the issue of whether it has subject matter jurisdiction over plaintiff's claims and ordered the parties to brief the issue. The Hyde Park Landscape defendants allege that the Court has jurisdiction over plaintiff's claims because the Plan under which Hyde Park Landscape provided medical insurance to plaintiff is governed by ERISA; plaintiff's claims arise out of defendants' alleged denial of his continued participation in the Plan; and plaintiff is seeking to recover benefits, including payment of medical costs, which he alleges he is entitled to receive under the Plan, so that his claims are completely preempted under ERISA. In support of their position, defendants rely on ***Barrow v. Aleris Int'l, Inc.***, 2007 WL 3342306 (W.D. Ky Nov. 7, 2007) (unpublished decision) and ***Peters v. The Lincoln Electric Co.***, 285 F.3d 456 (6th Cir. 2002), and they seek to distinguish ***Warner v. Ford Motor Co.***, 46 F.3d 531, 534 (6th Cir. 1995) (en banc). Defendant CIC claims that the Court has subject matter jurisdiction under the complete preemption rule discussed in ***Warner*** and ***Aetna Health v. Davila***, 542 U.S. 200 (2004), because plaintiff alleges that he was a participant in an employee health care benefits plan that constitutes an ERISA plan; he claims that he was

entitled to remain a participant in the Plan and that he is entitled to benefits under the Plan; and he has standing to sue as a participant in the Plan as that term is defined under 29 U.S.C. § 1002(7).

Plaintiff alleges that his complaint focuses on the tortuous conduct of all defendants and the breach of the contractual relationship between him and Hyde Park Landscape. He asserts that due to business reasons, Shumrick discriminated against him by adversely changing the terms and conditions of his employment and as a direct result of defendants' tortuous conduct, his medical insurance was cancelled. He contends that his breach of contract claim does not constitute an ERISA claim because it does not seek to (1) recover benefits due to him under the terms of the Plan, (2) enforce his rights under the terms of the Plan, or (3) clarify his rights to future benefits under the terms of the Plan. He seeks to distinguish the cases cited by defendants on the ground that the plaintiffs in those cases either specifically pled an ERISA cause of action or those cases involve the denial of payment or insurance coverage by an insurance company of a claim submitted for payment by an employee or a former employee, whereas plaintiff is not alleging that CIC ever denied coverage or failed to pay a claim under the Plan. Plaintiff therefore alleges that the connection of the Plan to his breach of contract claim is too attenuated to give rise to preemption. Plaintiff further alleges that under *Warner*, even if defendants might ultimately prove that his claims are preempted under ERISA, this does not mean they are removable to federal court since ERISA does not create a federal cause of action for matters which are only "related to" ERISA's field of concern. *See Warner*, 46 F.3d 534.

In reply, the Hyde Park Landscape defendants allege that plaintiff is bringing an ERISA claim because his allegations in support of his claims establish that he is seeking to prove that he

5

was entitled to continued participation in the Plan and to benefits (the payment of medical costs) that he would have received under the Plan had his participation not been cancelled. Defendant CIC emphasizes that it is immaterial how plaintiff labels his claim, but instead what is relevant is whether plaintiff could have brought his claim under ERISA. CIC contends that plaintiff seeks to recover benefits that he allegedly was wrongfully denied when his participation in the Plan was foreclosed, so that his claim is one for ERISA benefits.

### IV. Applicable Law

Title 28 U.S.C. § 1441(a) provides that,

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal district courts have the authority to remand a case to state court under certain circumstances. 28 U.S.C. § 1447(c). Section 1447(c) provides, in relevant part, that

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

"Federal question" cases, which include cases arising under the laws of the United States, are among the categories of cases over which the district courts have original jurisdiction. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987). A cause of action arises under federal law only when the plaintiff's "well-pleaded" complaint raises issues of federal law. *Id.* Federal preemption, which is ordinarily a federal defense to the plaintiff's suit, does not appear on the face of a well-pleaded complaint and therefore does not authorize removal to federal court. *Id.* A corollary to the well-pleaded complaint rule which has developed under the case law provides

6

that Congress may so completely preempt a particular area of the law that any civil complaint raising a claim in such particular area is necessarily federal in character. *Id.* "Only when an area of the law is 'completely preempted' does preemption lead to federal question jurisdiction." ***Ouellette v. Christ Hospital,*** 942 F.Supp. 1160, 1162 (S.D. Ohio 1996) (Spiegel, Sr. J.).

ERISA contains both express and implied preemption provisions. The express preemption provision of ERISA is 29 U.S.C. § 1144, which preempts all non-exempt state laws insofar as they "relate to" an employee benefit plan. *Id*. at 1163. Title 29 U.S.C. § 1132, the civil enforcement provision of ERISA, impliedly preempts actions brought in state court which could have been brought under that provision. *Id.* (citing ***Alexander v. Electronic Data Systems Corp.,*** 13 F.3d 940, 943 (6th Cir. 1994)). Section 1132 allows anyone who qualifies as a "participant" or a "beneficiary" of an employee benefit plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Claims by anyone other than a "participant or beneficiary" fall outside the scope of ERISA's civil enforcement statute. *Alexander*, 13 F.3d at 946.

The express preemption defense under § 1144 does not create federal jurisdiction for the purpose of removal. *Id.* Rather, there is no complete preemption unless the plaintiff is eligible to bring an action under § 1132(a), i.e., the plaintiff is a participant or beneficiary of an employee benefit plan and the claim comes within the scope of § 1132(a) as a claim to recover benefits, to enforce rights under the terms of the plan, or to clarify the plaintiff's rights to future benefits under the terms of the plan. *Ouellette,* 942 F.Supp. at 1164. A claim falls within ERISA's civil enforcement provision if the claim rests upon the terms of the ERISA plan or resolution of the

claim requires the court to construe the plan. *Id*. If an individual brings suit claiming he was denied coverage for medical care; the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan; and there is no state or federal legal duty independent of ERISA or the plan terms, then the suit falls "within the scope of" ERISA § 502(a)(1)(B) and is completely preempted by that provision. ***Aetna Health Inc. v. Davila*** 542 U.S. 200, 210 (2004). If these criteria for preemption are satisfied, it does not matter whether the individual is actually bringing his suit under ERISA.

To decide whether a state law claim is too remote to be preempted by ERISA, the focus is "on whether the remedy sought by a plaintiff is primarily plan-related." ***Thurman v. Pfizer, Inc***., 484 F.3d 855, 861 (6th Cir. 2007) (citing ***Marks v. Newcourt Credit Group, Inc.***, 342 F.3d 444, 453 (6th Cir. 2003)). In ***Marks,*** where the plaintiff alleged that defendants had significantly altered his duties and reduced his compensation without cause, the court found that this requirement was not satisfied as to the plaintiff's breach of contract claim and the claim was not preempted because the defendants' actions could possibly constitute a breach of the plaintiff's employment contract irrespective of the ERISA plan. *Id*. at 453.

In ***Thurman,*** the plaintiff brought claims of fraudulent and innocent misrepresentation based on allegations that he had left one job and taken a new one based on false promises regarding pension benefits he would allegedly receive. The court found that the claims were not preempted to the extent the plaintiff requested reliance damages and rescission from the plan, as neither form of relief depended in any way on an interpretation of the plan. The court concluded that the case was simply one involving "a person who left his old employer based on promises made by his new employer" and that the promises could have concerned anything, but they just

happened to concern retirement benefits. The court found that under such a scenario, allowing the plaintiff to proceed on his state-law claims did not threaten any of ERISA's objectives. The court stressed that its ruling "in no way alters the methods by which plans are administered, or how the actions of plan administrators are regulated." 484 F.3d at 864-865.

On the other hand, the ***Thurman*** court held that to the extent the plaintiff's claims were based on the expectation damages he requested, i.e., the difference between the benefits promised and the benefits to which he was entitled, the claims were preempted. *Id*. at 862. Similarly, in ***Lion's Volunteer Blind Ind., Inc. v. Automated Group Admin., Inc.***, 195 F.3d 803, 809 (6th Cir. 1999), the court found that the state law misrepresentation claim the plaintiffs brought to obtain "damages in the amount of the allowable medical expenses incurred" by an individual plaintiff was brought to obtain the benefits that were denied by the defendant's plan, and thus was sufficiently "related to" the subject matter regulated by ERISA to be preempted. The court concluded that a court entertaining the merits of the claim would be forced to calculate the benefits that would be owed to the plaintiff under an ERISA plan. The court found the case to be similar to the Supreme Court's decision in ***Ingersoll-Rand Co. v. McClendon***, 498 U.S. 133 (1990), where a former employee's claim that his employer wrongfully terminated him in order to avoid having to make payments to an ERISA plan was preempted because it would require proof of the existence of the ERISA plan.

Similarly, in ***Peters v. The Lincoln Elec. Co.***, 285 F.3d 456 (6th Cir. 2002), the plaintiff claimed that the defendant employer wrongfully denied him continued participation in a retirement plan upon his wrongful separation from the company in breach of its promises and representations. The court framed the plaintiff's claim as one that he should be a participant in

the plan but the company denied him continued participation, so that his claim was one to enforce his rights under the plan or to clarify his rights to future benefits under the terms of the plan. *Id*. at 468. The Sixth Circuit agreed with the district court that because it was necessary to read the plan guidelines, judge the validity of the plaintiff's claims, and resolve any issues concerning the interpretation of the plan, the case involved more than a mere determination of incidental damages. *Id*. at 467. The Sixth Circuit noted that in contrast, where the incidental damages sought merely include a loss of benefits under an ERISA-based plan so that only a simple mathematical calculation of damages is required, as in a wrongful discharge claim, the damages relate only peripherally to the ERISA plan and the state claim is not preempted. *Id*. at 469.

*Wright v. GM*, 262 F.3d 610 (6th Cir. 2002), was one such case where the court found the plaintiff's race and age discrimination claims were not completely preempted on this ground. The court determined that the claims related to an ERISA plan only peripherally in that the lawsuit did not claim wrongful withholding of plan benefits covered under ERISA, but sought only specific, ascertainable damages that the plaintiff allegedly suffered as a proximate result of the termination. The court reasoned that the plaintiff's

> reference to the life insurance 'conversion authorization' of the GM Salaried Life and Disability Benefit Program and Salaried Health Care Program, properly construed, is simply a reference to specific, ascertainable damages she claims to have suffered as a proximate result of her discriminatory termination. Hers is not a lawsuit claiming wrongful withholding of ERISA covered plan benefits; it is a lawsuit claiming race and sex discrimination and retaliation resulting in damages, one component of which is a sum owed under the provision of the GM plan.

*Id*. at 615.

Similarly, the court in *Crabbs v. Copperweld Tubing Products Co.*, 114 F.3d 85, 90 (6th Cir. 1997) determined that ERISA did not preempt the plaintiff's breach of contract claim despite

10

the plaintiff's reliance on a clause in the employer's summary of plan benefits to establish the existence of an employment contract. The court determined that the ERISA plan summary was of questionable relevance and admissibility and plaintiff's reference to it in support of his breach of contract claim was too attenuated to require that the claim be construed as affecting the plan.

## V. Request for Hearing

The Court finds that an additional hearing is not necessary in order to resolve the issue of whether it has subject matter jurisdiction over this action. The Court will therefore decide the issue on the parties' briefs.

## VI. Opinion

In accordance with the foregoing, in order to decide whether plaintiff's lawsuit was properly removed, the Court must determine whether plaintiff is an ERISA participant or beneficiary who seeks in his complaint to obtain benefits, or assert rights to future benefits, under an ERISA plan. Although plaintiff does not frame his claims as such, it is clear that this is an action by an ERISA plan participant to obtain benefits which he claims he is entitled to recover under an ERISA plan. Plaintiff claims that he is entitled to medical coverage and benefits under the terms of an employment contract, and he couches his claims in terms of breach of employment contract, disability discrimination, and tortious interference with contract. The essence of his claims, however, is that he is entitled to medical coverage and he was receiving such coverage pursuant to the terms of an ERISA plan, his participation in that Plan was wrongfully terminated, and he has been wrongfully denied medical benefits to which he is entitled under the Plan. It is clear based on his allegations that plaintiff cannot claim entitlement to medical coverage and benefits except under the Plan. His right to medical coverage and

benefits cannot be determined without reference to, and independent of, the ERISA Plan pursuant to which his employer provided him with medical coverage. In other words, it is necessary to examine the terms of the Plan in order to determine the validity of plaintiff's claims. Thus, plaintiff's reference to the Plan is not incidental or attenuated.

Moreover, consistent with the Sixth Circuit's directive in *Thurman*, the Court must focus on the remedy plaintiff seeks. The remedy he seeks is "reimbursement for medical expenses [and other consequential damages] incurred due to [his] lack of insurance caused by the defendants." As "[t]hese expenses are benefits that would have been due to [him] under [his] health insurance plan[], [they] fall squarely within the confines of § 1132." *See Johnson v. Decor Fabrics, Inc*., 250 F.R.D. 323, 330 (M.D. Tenn. 2008).

To summarize, as in *Davila*, interpretation of the terms of the medical insurance coverage that plaintiff alleges was wrongfully terminated forms an essential part of his claims. Liability on the part of CIC may lie only by virtue of its administration of an ERISA-regulated benefit plan on behalf of Hyde Park Landscape and Shumrick. Liability on the part of the Hyde Park Landscape defendants may lie only by virtue of their termination of the ERISA-regulated benefit plan. Defendants' potential liability therefore derives entirely from the particular rights and obligations established by the Plan. Absent the Plan, there can be no liability. Thus, the state law causes of action are not entirely independent of the federally-regulated Plan but instead are integrally related to the Plan.

In short, because plaintiff brings suit to rectify a wrongful denial of benefits - medical coverage for his kidney transplant - to which he claims he was entitled under his employer's ERISA-regulated Plan, he does not attempt to remedy a violation of a legal duty that any defendant owed him independent of ERISA. Accordingly, plaintiff's state law causes of action are completely preempted.

### VII. Conclusion

In accordance with the foregoing, Anthem's motion to dismiss (doc. 8) is **DENIED** as moot. Plaintiff's first motion for leave to file amended complaint (doc. 15) is **DENIED** as moot. Plaintiff shall have **twenty (20) days** from the date of this Order to file an amended complaint setting forth his claims under ERISA.

**IT IS SO ORDERED.**

S/ Herman J. Weber
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT