UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ERIC BOLDEN,

    Plaintiff,

    v.                                    Case No. C-1-09-267

HYDE PARK LANDSCAPE & TREE
SERVICE, INC., et al.,

    Defendants.

**ORDER**

**I. Procedural History**

This matter is before the Court on Defendant Community Insurance Company's ("CIC") Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) (doc. 37) and Plaintiff Eric Bolden's Memorandum Contra (doc. 40). The suit was originally filed in the Court of Common Pleas for Hamilton County, Ohio but was thereafter removed to the District Court. This Court affirmed its subject matter jurisdiction over the case under the Employee Retirement Income Security Act ("ERISA") in February of this year (doc. 32). Defendant CIC now moves for judgment on Count Eight of Plaintiff's amended complaint, tortious interference with contract.

**II. Request for Oral Argument**

Defendant CIC requests oral argument on its motion. The legal and factual issues involved in the motion are not complex and they have been fully briefed by the parties. Pursuant to Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Ohio, the Court therefore finds that oral argument is not necessary and CIC's request for same is denied.

**III. Background**

The matter before the Court stems from Plaintiff's participation in an ERISA regulated employee benefit plan. Plaintiff makes the following allegations in the amended complaint: Defendant Hyde Park Landscape hired Plaintiff in June of 2005 and he maintained his position with the company for nearly two years. As a condition of his employment, he was offered medical insurance. He chose to participate in the company's medical insurance program ("the Plan") administered by Anthem Blue Cross and Blue Shield Partnership Plan, Inc. ("Anthem") and CIC. On or about February 22, 2007, Mr. Bolden was diagnosed with end-stage renal disease. He was subsequently hospitalized and put on the waiting list for a kidney transplant. His medical expenses were largely covered by the Plan. The insurance company Anthem and/or CIC later informed Hyde Park Landscape's owner, Defendant Michael Shumrick, that keeping Mr. Bolden on the Plan would significantly increase Hyde Park Landscape's insurance premiums. Anthem and/or CIC recommended that Mr. Shumrick terminate Mr. Bolden. Mr. Shumrick advised Mr. Bolden that he would not terminate his employment or medical coverage. Mr. Shumrick thereafter terminated Mr. Bolden's employee medical insurance under the Plan. As a result, Mr. Bolden stopped receiving medical benefits and was removed from the kidney transplant list.

Mr. Bolden alleges in Count Eight of his Amended Complaint that Defendants Anthem, CIC, and their representative John Doe tortiously interfered with his employment contract with Hyde Park Landscape by telling Shumrick to terminate Plaintiff and/or his medical insurance. This interference, according to Mr. Bolden, caused Hyde Park Landscape to adversely alter the terms and conditions of his employment, which led to a loss of compensation, loss of fringe

benefits, loss of opportunity to secure a kidney transplant, loss of future earnings and loss of future earning capacity and caused him to incur medical expenses, among other damages.

**IV. Standard of Review**

A district court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001). When deciding such a motion, the court must accept all well-pleaded material allegations of the pleadings of the opposing party as true and may grant the motion only if the moving party is nonetheless clearly entitled to judgment. *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). When deciding a Rule 12(c) motion for judgment on the pleadings, the court must read the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Erickson v. Pardus*, 550 U.S. 89 (2007) in conjunction with one another. *Tucker v. Middleburg-Legacy Health Place, LLC*, 539 F.3d 545, 550 (6th Cir. 2008) (citing *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008). In *Twombly*, the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." 550 U.S. at 555 (internal citations omitted). In *Erickson*, decided two weeks after *Twombly*, the Supreme Court affirmed, however, that Fed. R. Civ. P. 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" 550 at 93 (quoting *Twombly*, 550 U.S. at 555).

## V. ERISA Preemption

Defendant CIC argues that Mr. Bolden's state law claim for tortious interference with contract is preempted by ERISA. State common law claims are preempted if they seek "to rectify a wrongful denial of benefits promised under ERISA-regulated plans." *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 214 (2004). Claims are not preempted if they "attempt to remedy any violation of a legal duty independent of ERISA." *See id*. In the Sixth Circuit, in deciding if a state law claim is preempted by ERISA, the focus is on "whether the remedy sought by a plaintiff is primarily plan related." *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 861 (6th Cir. 2007).

## VI. Opinion

Defendant CIC is entitled to judgment as a matter of law on Count Eight of Plaintiff's complaint. Plaintiff concedes that the damages he is seeking for tortious interference are benefits due under the terms of the Plan, but he argues this does not mean Count Eight is primarily Plan-related. In support of this argument, Plaintiff points to four different cases in which courts held that the state law claims before them were not preempted by ERISA even though the plaintiffs sought to recover benefits under ERISA plans as damages. Plaintiff's argument is not well-taken as these cases are distinguishable from his situation.

In *Yagemen v. Vista Maria, Sisters of Good Shepherd,* 767 F.Supp. 144 (E.D. Mich. 1991), the court found that state law claims for age and sex discrimination were not preempted by ERISA even though there was "language in plaintiff's complaint that defendant, by its discriminatory acts, intended to deny him benefits." *Id.* at 145. The district court reasoned that "the real gravamen of plaintiff's complaint [was] that he was discharged as a result of age and sex discrimination" and the reference to a denial of plan benefits related only to damages allegedly suffered as a result of defendant's discriminatory conduct. *Id*.

4

In *Nguyen v. Ashland Oil*, 2007 WL 869717 (S.D. Ohio) (unpublished decision), the court determined that the plaintiff's state law claims that he was discharged due to his race, national origin, and association with other employees were not preempted by ERISA. The court found that when viewing the complaint as a whole, it did not appear that the plaintiff was alleging an action to enforce an ERISA plan. Instead, his reference to "all lost wages and benefits" was properly construed as a reference to "specific ascertainable damages" the plaintiff claimed to have suffered as a proximate result of the alleged discrimination. *Id*. at *4.

In *Etheridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988), the court found that although the plaintiff sought to recover lost benefits as part of his damages for tortious discharge in retaliation for union activities, the plaintiff's claims were not preempted because the lost benefits were a consequence of his discharge rather than a motivating factor for it. *Id*. at 1405 (quoting *Rose v. Intelogic Trace, Inc.*, 652 F.Supp. 1328, 1330 (W.D. Tex. 1987)).

Finally, in *Sears v. Chrysler Corp.*, 884 F.Supp. 1125, 1129 n.2 (E.D. Mich. 1995), the court expressly declined to address the § 1144 preemption of plaintiff's claims. The court did determine for removal purposes that the plaintiff was not an ERISA plan participant and she did not seek clarification of the terms of any employee benefits plan. The plaintiff did not seek benefits under the terms of an ERISA-governed plan but instead sought the value of benefits she would have received if she had continued to work for the defendant. *Id*. at 1131. Therefore, the court found her claims did not fall within the scope of ERISA's civil enforcement provision. *Id*. at 1132.

In contrast to each of these cases, the primary focus of Mr. Bolden's claim for tortious interference is rectifying a wrongful denial of benefits under an ERISA regulated plan. Plaintiff alleges that Hyde Park Landscape altered the terms and conditions of his employment by

5

interfering with his health insurance. He alleges that CIC and/or Anthem advised Mr. Shumrick that he should terminate Plaintiff or his health insurance in order to avoid paying higher premiums and that Mr. Shumrick terminated his medical insurance provided under the Plan as a direct result of CIC's allegedly tortious action. Furthermore, the remedy sought for CIC's alleged tortious interference is primarily Plan-related. Mr. Bolden seeks reimbursement for benefits payable under the Plan and future benefits due under the Plan.

In sum, while a reference to plan benefits as damages may not be enough alone to establish preemption, a review of the entire complaint shows that the focus of Mr. Bolden's lawsuit is the wrongful termination of Plan benefits and his attempt to recover benefits allegedly due and owing under the Plan. His tortious inference with contract claim is specifically premised on termination of his medical coverage under the Plan and the resulting denial of benefits under the Plan. As such, his claim for tortious interference against Defendant CIC is preempted.

## VII. Conclusion

Defendant CIC's motion for judgment on the pleadings as to Count VIII (doc. 37) is **GRANTED**. Count VIII against Defendant CIC is **DISMISSED**. This case will proceed on the remaining claims.

**IT IS SO ORDERED.**

                                                S/ Herman J. Weber
                                                HERMAN J. WEBER, SENIOR JUDGE
                                                UNITED STATES DISTRICT COURT