**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ERIC BOLDEN,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:09-cv-267 |
| v. | : | |
| | : | Judge Herman J. Weber |
| **HYDE PARK LANDSCAPE & TREE** | : | |
| **SERVICE, INC.,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**I.      INTRODUCTION AND PROCEDURAL BACKGROUND**

On March 12, 2009, Plaintiff Eric Bolden filed a Complaint in the Hamilton County Court of Common Pleas against Defendants Hyde Park Landscape & Tree Service, Inc. (the "Company"), Michael Shumrick, XYZ Company, Community Insurance Company ("CIC"), which was incorrectly identified as Anthem Blue Cross Blue Shield Partnership Plan, Inc., John Doe (insurance agent), and Jane Doe.  In the Complaint, Plaintiff asserted the following causes of action:  (1) disability discrimination under O.R.C. § 4112.02; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; and (4) breach of contract.

On April 14, 2009, CIC filed a Notice of Removal (Dkt. #3), to which all of the identified Defendants consented.  The basis for removal was that Plaintiff's claims were completely preempted under the Employee Retirement Income Security Act of 1974 ("ERISA") (Notice of Removal (Dkt. #3) at 2-3).  Thereafter, on April 21, 2009, CIC filed a Motion to Dismiss (Dkt. #8), and in an effort to defeat CIC's Motion, on May 15, 2009, Plaintiff filed a Motion for

Leave to File First Amended Complaint (Dkt. #15).[1]  On September 15, 2009, this Court ordered that the parties brief the issue of jurisdiction (Dkt. #20).  Thereafter, on February 22, 2010, the Court issued an Order finding that it had jurisdiction and that Plaintiff's state law causes of action were completely preempted by ERISA.  The Court accordingly granted Plaintiff twenty days to file his Amended Complaint setting forth his claims under ERISA (Dkt. #32).

On February 16, 2010, the Court issued a Preliminary Pretrial Order establishing April 15, 2010, as the deadline for amending the pleadings, a discovery deadline of October 27, 2010, a dispositive motion deadline of November 26, 2010, a Proposed Joint Final Pretrial Order deadline of March 5, 2011, and trial for the April 2011 term (Dkt. #30).  Thereafter, on March 15, 2010, Plaintiff filed his Amended Complaint against Hyde Park Landscaping & Tree Service, Inc., Michael Shumrick, XYZ Company, CIC, Anthem Blue Cross Blue Shield Partnership Plan, Inc., ("Anthem") John Doe (insurance agent) and Jane Doe alleging the following causes of action:  (1) recovery of plan benefits pursuant to 29 U.S.C. 1132(a)(1)(B) against Anthem, CIC, Hyde Park and John Doe; (2) attorneys' fees and costs under 29 U.S.C. §1132(g)(1); (3) disability discrimination in violation of O.R.C. §4112 against Hyde Park, Shumrick, Jane Doe and XYZ Company; (4) violation of the Employee Retirement Income Security Act ("ERISA") against Hyde Park, Shumrick, Jane Doe and XYZ Company; (5) intentional infliction of emotional distress against Hyde Park, Shumrick, Jane Doe and XYZ Company; (6) negligent infliction of emotional distress against Hyde Park, Shumrick, Jane Doe and XYZ Company; (7) breach of contract against Hyde Park, Shumrick, Jane Doe and XYZ Company; and (8) tortious interference with contract against Anthem, CIC and John Doe (Dkt. #33).

---

[1]     Plaintiff notes in his current Motion for Leave, that this is his first request for leave to amend his complaint (Mot. p. 3).  However, Plaintiff is clearly mistaken given that he first filed a motion for leave approximately a year and a half ago, on May 15, 2009, and filed his First Amended Complaint approximately seven months ago, on March 15, 2010.

On April 1, 2010, Defendant Anthem filed a Motion to Dismiss for failure to state a claim upon which relief can be granted (Dkt. #38). Plaintiff filed his Memorandum in Opposition on April 26, 2010 (Dkt. #41), and Anthem filed its Reply on May 10, 2010 (Dkt. #43). Thereafter, on June 15, 2010, the Court issued an Order to Show Cause giving Plaintiff 14 days in which to show cause as to why Anthem should not be dismissed from the case (Dkt. #44). Plaintiff did not respond to the Court's Order and, therefore, on July 12, 2010, the Court issued an Order dismissing Anthem from the case (Dkt. #45).

Contemporaneously, on April 1, 2010, Defendant CIC filed a Motion for Judgment on the Pleadings as to Count 8 of the Amended Complaint (Dkt. #37). The basis for CIC's motion was that Count 8, a tortious interference claim, was expressly preempted by ERISA. On April 26, 2010, Plaintiff filed his Memorandum in Opposition (Dkt. #40), and on May 10, 2010, CIC filed its Reply noting that the Court expressly stated that Plaintiff is asserting an ERISA claim in its February 22, 2010 Order (Dkt. #42 and #32, respectively). On August 11, 2010, the Court issued an Order granting CIC's Motion (Dkt. #49).

Thereafter, on September 22, 2010, Defendants Hyde Park Landscape & Tree Service, Inc., and Michael Shumrick (collectively referred to herein as "Defendants") filed a Motion for Judgment on the Pleadings as to Count 7 of Plaintiff's Amended Complaint (Dkt. #51). The basis for Defendants' Motion was that Count 7, a breach of contract claim, was expressly preempted by ERISA. Plaintiff did not file a Memorandum in Opposition to Defendants' Motion and on November 3, 2010, this Court granted Defendants' Motion dismissing Count 7 of Plaintiff's Amended Complaint (Dkt. #63).

On October 27, 2010, Plaintiff filed a Motion to extend the discovery deadline for 21 days for the sole purpose of completing depositions, specifically the depositions of Plaintiff's

3

treating physicians and two insurance brokers (Dkt. #59). On November 16, 2010, the Court granted Plaintiff's Motion for an extension of the discovery deadline for this limited purpose, making the new discovery deadline December 7, 2010 (Dkt. #66).

On November 10, 2010, the parties filed a Partial Stipulation of Dismissal, With Prejudice, dismissing Defendants Community Insurance Company, Jane Doe, John Doe and Anthem Blue Cross Blue Shield Partnership Plan, Inc. (Dkt. #64). Anthem was included in the Stipulation, even though they had already been dismissed from the case (Dkt. #45). On November 16, 2010, this Court signed off on the Stipulation of Dismissal (Dkt. #67).

Contemporaneously, on November 16, 2010, Plaintiff filed a Motion for Leave to File Second Amended Complaint. Plaintiff's proposed Second Amended Complaint contains the following modifications from his First Amended Complaint: (1) replaces Defendant XYZ Company with Defendant Hyde Park Landscaping, Inc.; (2) dismisses four Defendants; (3) dismisses his Intentional and Negligent Infliction of Emotional Distress claims; (4) clarifies his discrimination claims against the remaining Defendants; (5) adds claims of discrimination under ERISA §702, 29 U.S.C. §1182, retaliation under Ohio Revised Code and ERISA §510, 29 U.S.C. §1140, and a claim for failure to provide group health insurance continuation coverage and notice thereof under 29 U.S.C. §1161, *et seq.*, and R.C. §1751.53 and/or §3923.38 ("COBRA claim").

In response, on November 17, 2010, Defendants filed an Unopposed Motion for Extension of the Discovery deadline since it was clear that the briefing on Plaintiff's Motion for Leave to File would not be completed prior to the dispositive motion deadline of November 26, 2010 (Dkt. #69). On November 23, 2010, this Court granted Defendants' Motion and extended the dispositive motion deadline until January 14, 2011 (Dkt. #70).

Although Defendants do not object to Plaintiff amending the Complaint in order to remove the dismissed Defendants, clarify claims already brought in this action, dismiss the Intentional and Negligent Infliction of Emotional Distress claim, or specify the identity of XYZ Company, they do oppose Plaintiff's Motion to Leave to add entirely new claims. Defendants will inevitably be prejudiced if Plaintiff is allowed to amend his Complaint to bring new claims 20 months after the action was filed, after the discovery cut-off has past, and on the eve of the dispositive motion deadline. Thus, Defendants request that the Court deny Plaintiff's Motion for Leave to Amend to the extent it seeks to add additional claims.

## II.    <u>LAW AND ARGUMENT</u>

Motions for leave to amend are governed by Fed. R. Civ. P. 15(a), which states in pertinent part that ". . . a party may amend its pleadings only with the court's leave. The court should freely give leave where justice so requires." Fed. R. Civ. P. 15(a)(2) (emphasis added). Under this rule, denial of a motion for leave to amend is appropriate where there is "undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). "The longer the period of unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). Applying these concepts, it is clear that Defendants will suffer significant prejudice if Plaintiff's delayed request to add retaliation and COBRA claims is granted. Moreover, Plaintiff offers no justification for seeking to add new claims at this late date. For these reasons, Plaintiff's Motion for Leave to Amend should be denied in part.

**A.    Because Defendants Will Suffer Significant Prejudice If Plaintiff
Is Permitted To Amend His Complaint At This Late Stage Of The
Litigation, His Motion for Leave Should Be Denied**

In an apparent attempt to justify his untimely effort to amend his First Amended

Complaint, Plaintiff argues that Defendants will not be prejudiced by the amendment because

limited, if any, additional discovery will be required, that Defendants will have ample time

before trial to prepare their defenses to the additional claims and that the motion was filed before

the dispositive motion deadline (Mot. p. 3).  However, Plaintiff is simply incorrect.

It is clear that Defendants will suffer significant prejudice if Plaintiff is permitted to

amend his Complaint at this late stage of the litigation.  The Sixth Circuit has explained the

concept of prejudice in the context of a Motion for Leave as follows:

> In determining what constitutes prejudice, the court considers
> whether the assertion of the new claim or defense would: require
> the opponent to expend significant additional resources to conduct
> discovery and prepare for trial; significantly delay the resolution of
> the dispute; or prevent the plaintiff from bringing a timely action in
> another jurisdiction.

*Phelps*, 30 F.3d at 662-663.  The Sixth Circuit has also found undue prejudice where the new

discovery required by the non-moving party is the result of a plaintiff attempting to "overhaul

[the] theory of the case" by asserting a new claim.  *See Serrano v. Cintas Corp.*, 2010 U.S. Dist.

LEXIS 54254, at *18 (E.D. Mich. June 2, 2010) (quoting *Morse v. McWhorter*, 290 F.3d 795,

801 (6th Cir. 2002)).  Further, allowing amendment of Plaintiff's claims after the discovery

cutoff—thereby requiring the Court to reopen discovery—is *per se* prejudicial to Defendants.

*Duggins*, 195 F.3d at 834.  Applying these concepts in analogous cases, courts in this Circuit

have denied Motions for Leave at this stage of the litigation.

For example, in *Serrano*, the EEOC sought leave to file a Second Amended Complaint

which would add a new pattern or practice discrimination claim.  The District Court denied the

EEOC's request, finding that the defendant would suffer undue prejudice if the amendment was allowed at that stage in the litigation. *Id*. at 22-23. In making this finding, the court noted that the EEOC did not file its motion for leave until the eve of the discovery cutoff date and that, although the motion was technically filed before the cutoff, the timing of the motion virtually guaranteed that it would not be decided until after the cutoff had passed, thereby requiring the court to re-open discovery if the amendment was granted. *Id*. at 20-21. Further, the court noted that although there were some factual similarities between the pattern or practice claim that the EEOC was attempting to assert and the other claims that were already asserted in the lawsuit, there were differences that would require the defendant to engage in additional discovery. *Id*. at 21. Finally, the court noted that if the amendment was granted, the defendant would have to re-depose certain witnesses in order to defend against the newly asserted claim. *Id*. at 20.

If Plaintiff's Motion for Leave to Amend is granted, Defendants will need to re-depose Plaintiff to address the new claims retaliation and COBRA claims because Defendants have not been fully apprised of the factual bases for them. In regards to the retaliation claim, Plaintiff was questioned at his deposition regarding attempts that Mr. Shumrick made to bring Plaintiff back to work after layoff. At that time, Plaintiff made no claim that he believed that he was retaliated against because he filed a lawsuit and then was allegedly not returned to work. Therefore, Defendants would be forced to take Plaintiff's deposition again to specifically address any newly added retaliation claims under ERISA and Ohio's anti-discrimination laws and any facts that he believes may support those claims. Furthermore, Defendants have not deposed Plaintiff on any facts supporting a COBRA claim. In addition to re-deposing Plaintiff, Defendants also anticipate serving additional discovery requests on Plaintiff, should the Court grant Plaintiff leave to add

new retaliation and COBRA claims. Depending on Plaintiff's deposition testimony and discovery responses, it may then be necessary for Defendants to depose additional witnesses.

Furthermore, if Plaintiff's Motion for Leave is granted, Defendants will suffer prejudice because the resolution of this dispute, *which has already been pending for 20 months*, would be further delayed to allow the parties to reopen the discovery period to engage in the above-mentioned additional discovery. *Phelps*, 30 F.3d at 662-663 (noting that there is prejudice when the resolution of a dispute would be delayed if a Motion for Leave is granted); *Duggins*, 195 F.3d at 834 (allowing amendment after the close of discovery is per se prejudicial). Here, Plaintiff filed his Motion for Leave after the discovery cutoff, while a motion to extend the discovery deadline by 21 days, *for limited purposes*, was pending and a mere ten days prior to the dispositive motion deadline.[2] Even though the Court granted this Motion, the new discovery deadline expires on the day this motion is filed with the Court. Thus, because Defendants would be forced to re-open discovery at this late stage of the litigation to defend against Plaintiff's newly asserted claims, Plaintiff's Motion for Leave should be denied. *Serrano*, 2010 U.S. Dist. LEXIS 54254, at **20-23; *Duggins*, 195 F.3d at 834 ("[a]llowing amendment at this late stage in the litigation would create significant prejudice to the defendants in having to reopen discovery and prepare a defense for a claim quite different from the [claim] that was before the court.").

Furthermore, although the Proposed Joint Final Pretrial is set for March 5, 2011, and the trial date is set for the April 2011 term, these dates will most likely have to be delayed due to reopening discovery and further extending the dispositive motion deadline. If the trial date is delayed, Defendants will be prejudiced because the potential back pay damages that Plaintiff may be awarded if he prevails at trial would increase.

---

[2]     Even though a Motion to Extend Discovery was pending, the remaining discovery did not need to be completed prior to Defendants filing their dispositive motion by the deadline of November 26, 2010.

Finally, not only have Courts refused to allow a plaintiff to amend the complaint at this late stage of the litigation, Courts have also found that a defendant is prejudiced when a plaintiff seeks to amend his complaint in an attempt to overhaul his theory of the case. *See Serrano v. Cintas Corp.*, 2010 U.S. Dist. LEXIS 54254, at *18 (E.D. Mich. June 2, 2010) (quoting *Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002)). At his deposition, Plaintiff was presented with the telephone records of his company-issued cell phone, that he kept possession of while on layoff, conclusively showing that Mr. Shumrick tried to contact him on numerous occasions to recall him to work (Plf. Dep. pp. 69-73, 84-87; Plf. Dep. Ex. 2).[3] However, Plaintiff continued to testify at his deposition that he never received any calls from anyone at Hyde Park regarding coming back to work (Plf. Dep. p. 86). Furthermore, Plaintiff's counsel has been informed that Company witnesses will testify that Plaintiff informed them that he had no intention of returning to work after the layoff due to a strained relation with Mr. Shumrick and/or a disagreement with him over his health insurance (Helton Aff. ¶5; Emmitt Aff. ¶5).[4] Plaintiff, now faced with this information that is detrimental to any potential claim for lost wages, is attempting to file a Second Amended Complaint stating that Mr. Shumrick actually did place several calls to him regarding returning to work, but before they could work out the details, Plaintiff filed his Complaint and then the Company refused to return him from layoff, in retaliation for filing the lawsuit (Sec. Amend. Complt. ¶¶45, 50). Plaintiff's new theory of the case contradicts his prior deposition testimony and the First Amended Complaint, and is clearly an 11th hour attempt to

---

[3]     References to Plaintiff's deposition transcript and the exhibits to that deposition are abbreviated as "Plf. Dep. p.__" and "Plf. Dep. Ex.__". Plaintiff's deposition transcript and exhibits that are referenced therein are being simultaneously filed with the Court.

[4]     References to the Affidavits referenced herein are abbreviated as "[Name of Affiant] Aff. ¶__". The Affidavits of Mr. Emmitt and Mr. Helton are attached hereto as Exhibits A and B, respectively.

overhaul his case, in order to save any potential claim for lost wages. Thus, Plaintiff's Motion for Leave should be denied for this additional reason.

### B. Plaintiff Delayed Filing His Motion For Leave To File Second Amended Complaint Until Just Before The Discovery Completion Date

Although this case has been pending since March 12, 2009, Plaintiff did not file his Motion for Leave to File Second Amended Complaint until November 16, 2010, *7 months after* the deadline for any party to amend the pleadings under the Court's Scheduling Order, after the original discovery deadline had passed, when a motion to extend the discovery deadline for limited purposes was pending and a mere ten days prior to the dispositive motion deadline. Plaintiff provides absolutely no excuse for the delay in amendment in his Motion. *Bader v. Therm-O-Disc, Inc.*, 1990 Ohio App. LEXIS 1747, *21 (5th Dist. 1009) ("the motion for leave to amend should be overruled because the employee gave no justification for not having raised them earlier.").

As an initial matter, logic dictates that Plaintiff was certainly aware of the facts allegedly supporting his retaliation and COBRA claims well before he filed his First Amended Complaint in March 2010. The actual timing of the filing of his Complaint and the Company's alleged failure to recall him from layoff, and his alleged failure to receive COBRA notice, clearly did not first became known to him at his deposition or at any other deposition taken in this case.[5] Nevertheless, Plaintiff in fact waited 20 months after filing his original Complaint and 6 months after filing his First Amended Complaint to file his Motion for Leave to Amend, at a time when discovery in this case is essentially completed, and Defendants need to start preparing their Motion for Summary Judgment.

---

[5] While Plaintiff's need to change his story because he had been caught with the truth surrounding Defendants' attempts to return him to work in February and March of 2009 may have only recently become evident to Plaintiff and/or his counsel, this is clearly not grounds for amending the Complaint again at this late stage.

Furthermore, even assuming that Plaintiff did not remember Mr. Shumrick's attempts to recall him from layoff when he filed his Complaint in March 2009, Plaintiff was in possession of his telephone records as of the date of his deposition.  Thus, by September 29, 2010, Plaintiff had all of the documents in support of his assertion that Mr. Shumrick did in fact attempt to return him to work prior to Plaintiff filing his Complaint; yet, he delayed filing his Motion for Leave for an additional month and a half, at what was clearly a crucial time since the discovery and dispositive motion deadlines were quickly approaching.[6]  Plaintiff therefore delayed in requesting leave to file his Second Amended Complaint without justification, and his Motion for Leave should be denied.

**C.**  **Defendant's Motion For Extension Of Discovery Completion Deadline And Dispositive Motions Deadline And Continuation Of Trial Date If Plaintiff's Motion For Leave Is Granted**

If Plaintiff's Motion for Leave is granted, Defendants respectfully move this Court for an Order extending the discovery completion deadline and dispositive motion deadline in this matter to allow Defendants sufficient time to conduct discovery on Plaintiff's retaliation and COBRA claims.  As previously stated, at the least, Defendants will need to reopen Plaintiff's deposition and serve additional discovery requests.  Defendants anticipate that they will need at least 45 days to complete such discovery and therefore respectfully request that the discovery completion deadline be extended by 45 days after any Order in which the Court grants Plaintiff's Motion for Leave and that the dispositive motions deadline be extended to 30 days after the discovery completion deadline.

---

[6]  To the extent Plaintiff alleges that he obtained information during Mr. Shumrick's deposition on October 26, 2010, that somehow triggered his memory and caused him to realize he was retaliated against, his motion to extend the discovery deadline filed the next day, is completely void of any information lending support to this theory.

III.    <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Motion for Leave should be denied to the extent that he seeks to add new claims at this late stage of the litigation.

Respectfully submitted,


/s/Alison M. Day
Alison M. Day  (#0068060), Trial Attorney
    for Defendant
Wendy K. Clary  (#0077775)
Littler Mendelson, P.C.
21 East State Street, Suite 1600
Columbus, OH  43215
Telephone:    614.463.4201
Facsimile:    614.221.3301
E-mail:        aday@littler.com
               wclary@littler.com

Timothy T. Schenkel  (#0061110)
Freund, Freeze & Arnold
Fourth & Walnut Centre
105 East Fourth Street, Suite 1400
Cincinnati, OH  45402-4035
Telephone:    513.665.3500
Facsimile:    513.665.3503
E-mail:        tschenkel@ffalaw.com

*Attorneys for Defendants Hyde Park*
    *Landscape & Tree Service, Inc. and*
    *Michael Shumrick*


<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing has been filed via the electronic filing system on December 7, 2010.  Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the electronic filing system.


/s/ Alison M. Day
An Attorney for Defendants

Firmwide:98988530.1 062309.1001
12/7/10