IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC BOLDEN, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:09-CV-267 |
| HYDE PARK LANDSCAPE & TREE SERVICE, INC., *et al.*, | : : | JUDGE WEBER |
| Defendants. | : | |

### PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendants offer two reasons why this Court should deny Bolden leave to amend his Complaint to assert his state and federal retaliation and COBRA claims: (1) Defendants claim additional discovery will be needed, which would cause them "significant" prejudice; and (2) Defendants believe Bolden should be punished for "unjustifiably" delaying the prosecution of his case. Neither assertion has merit. Bolden should be permitted to amend his Complaint.

First, Defendants' request for a mere *forty-five* days to complete any additional discovery should the Court allow Bolden to assert his proposed new claims, is a tacit admission that any prejudice Defendants will suffer thereby would be anything but "significant." Second, should the Court deny him leave to assert his retaliation claims, Bolden will be forced to bring his state law retaliation and mini-COBRA claims in state court.[1] As a result, Defendants will have to conduct any additional discovery anyway. The truth is, had Bolden simply filed his state law

---

[1] Moreover, the facts underlying Bolden's federal retaliation claims are nearly identical to those underlying his state claims.

claims in state court, Defendants would have no doubt asked this Court to take supplemental jurisdiction of those claims.

On the subject of delay, it is Bolden who will suffer the greatest from any delay in the resolution of this case -- not Defendants. It is beyond dispute that Defendants stripped Bolden of his insurance benefits before he could receive a planned kidney transplant. As a result, Bolden has been required to remain on dialysis.[2] And every day Bolden remains on dialysis instead of having a kidney transplant, makes him an arguably less desirable candidate for a transplant. Thus, the quicker Bolden can make the Defendants pay for that transplant, the better his chances are of ensuring a normal life and a normal lifespan. In short, Bolden has a lot more to lose from "unnecessary" delays of his case than anyone. That said, Bolden has valid claims, supported by the evidence, that can be and should be litigated in this action. And he believes *an additional forty-five days* to prosecute all of the claims *in this action* is worth the potential risk to his health.

Furthermore, Defendants' attempt to characterize the timing of Bolden's motion for leave to amend as calculated and sinister is simply unfounded. Defendants know full well that Bolden only recently substituted new lead Trial Counsel on October 29, 2010. And within only a few short weeks of that substitution, new Trial Counsel (1) dismissed the insurance defendants, (2) dismissed one employer defendant, (3) dismissed two of Bolden's tort claims and, (4) filed a motion for leave that also clarifies Bolden's existing claims. Indeed, Bolden's new Trial Counsel filed the instant motion only eighteen days after filing a notice of appearance.[3] And his new Trial Counsel has cooperated fully with every request Defendants' Counsel has made, including

---

[2] Bolden initially received dialysis through the charity of a dialysis provider. That charity ended and Bolden is now receiving bills for the dialysis treatment, which he cannot pay. Plf. Dep. 108-111.

[3] Defendants correctly point out that Bolden's new Trial Counsel mistakenly stated that this was Bolden's first request for leave to file an amended Complaint. Bolden did in fact make such a motion early in the case. That motion was ruled moot, however, and Bolden's First Amended Complaint resulted from an order of this Court, dated February 22, 2010 and not from Bolden's request for leave.

requests concerning the continuing discovery related to the parties' experts and Bolden's physicians.

## I.  Bolden's Retaliation Claims

Although Defendants do not specifically assert a "futility" argument, their attachment of several affidavits to their opposition brief and their assertion that Bolden's deposition testimony purportedly contradicts his retaliation claims seems directed at that proposition. The fact is, Bolden's deposition testimony does not contradict his retaliation claims. Defendants took Bolden's deposition *before* he sat through the depositions of Defendant Michael Shumrick (Owner and President of Hyde Park) and Shannon Ziegler (Hyde Park's Office Manager). Bolden initially testified that he didn't know why he was not called back to work after the temporary layoff in 2009 but simply assumed that "Michael didn't want me back anymore." Plf. Dep. 75-76. Bolden also speculated that perhaps Shumrick "wasn't happy with things or wanted more output." Plf. Dep. 155. Of course, in lawyer's parlance, this is called a legitimate non-discriminatory reason for termination. At the time he was deposed, Bolden simply did not feel he had enough information to assert a retaliation charge, and of course, his original and first amended complaints were devoid of any such claims. Indeed, Bolden's original claims centered around the events that occurred in late 2007. Importantly, as Defendants well know, Bolden *repeatedly and consistently* testified that he fully intended to return to work when the 2009 layoff ended. See Plf. Dep. 75-76, 86-88

But when he sat through Shumrick's and Ziegler's depositions, Bolden heard them both allege that he *abandoned* his job. Shumrick Dep. 98; Ziegler Dep. 216.[4] Indeed, Shumrick went so far as to claim that he had every intention of bringing Bolden back to work all the way up

---

[4] The deposition transcripts of Michael Shumrick and Shannon Ziegler are being filed contemporaneously herewith.

until the first week of March 2009. Of course, it is undisputed that Bolden filed his lawsuit on March 12, 2009 and Shumrick was served on March 16, 2009. And it is further undisputed that Bolden never heard from Shumrick or Hyde Park after the filing and service.

Perhaps more importantly, Bolden listened while Shumrick indicated that he gave the other employees specific return to work instructions. Shumrick Dep. 194-195. In Bolden's case, however, Shumrick admitted that he never gave Bolden specific return to work instructions. Instead, Shumrick admitted that, in contrast to his other employees, in Bolden's case, he wanted to set up a meeting to "discuss the *possibility* of him coming back to work." Shumrick Dep. 94. Shumrick never explained why he treated Bolden differently than the other employees.

## II.     Bolden's COBRA Claims

Bolden's new Trial Counsel received copies of all documents produced by the Defendants near the time Counsel entered the case on October 29, 2010. Upon reviewing those documents, Counsel determined that the Hyde Park Defendants were both statutorily and contractually obligated, per the terms of the group health insurance policy, to provide Bolden with a COBRA notice upon the occurrence of a qualifying event. New Trial Counsel also had an opportunity to review the deposition transcripts of Ziegler and Shumrick, which were taken on October 14, 2010 and October 26, 2010, respectively. Ziegler acknowledged that he was responsible for administering Hyde Park's insurance plan but also admitted that he didn't even know whether or not it was the company's responsibility to send Bolden a COBRA notice. Ziegler Dep. 14, 24, 26, 194. Ziegler first admitted that he *never sent anyone* a COBRA notice. Ziegler Dep. 193. When pressed about Bolden specifically, Ziegler changed his testimony to a convenient "I don't recall." Ziegler Dep. 193. Shumrick confirmed, however, that the company never sent Bolden a COBRA notice. Shumrick Dep. 91-92.

Defendants suggest they will have to conduct "significant" additional discovery regarding Bolden's COBRA claim if he is permitted to include this claim in his Amended Complaint. But how much more discovery is really needed on this point? Defendants have already admitted that they didn't send Bolden a COBRA notice. Moreover, Defendants never produced any such notice during discovery. Ziegler Dep. 193. Obviously, Bolden will testify that he never received a COBRA notice. And it cannot be disputed that the insurance plan, a copy of which was provided to Bolden *by Defendants*, clearly places the responsibility to provide COBRA notice on Defendants. See Exhibit A attached hereto, Bates No. HPL-0062. Finally, no other discovery, separate from that already being conducted, will be necessary to establish Bolden's damages.

### III.  Conclusion

To say that the outcome of this case could determine the future course, and even the length, of a good man's life is no exaggeration. Bolden has litigated his case diligently -- in the context of a case involving statutory schemes and case law that are generally acknowledged as byzantine at best. If Bolden's actions have caused any undue delay, then he asks for this Court's indulgence and patience. If Bolden is permitted to amend his Complaint as proposed, Defendants will not suffer any more "prejudice" than they would if Bolden is forced to litigate his state claims in state court. Little, if any, additional discovery will be needed and *forty-five* days would certainly be shorter than the time it would take to litigate a separate action.

Respectfully submitted,

/s/ Robert J. Beggs
Robert J. Beggs (0002966)
(*John.Beggs@BeggsCaudill.com*)
Trial Counsel for Plaintiff
Danny L. Caudill (0078859)
(*Danny.Caudill@BeggsCaudill.com*)
Co-Counsel for Plaintiff
Gregory R. Mansell (0085197)
(*Greg.Mansell@BeggsCaudill.com*)
Co-Counsel for Plaintiff
Beggs Caudill, LLC
1675 Old Henderson Road
Columbus, Ohio  43220-3644
Telephone:  (614) 360-2044
Facsimile:  (614) 448-4544

Alvaro G. Velez (0078921)
(*algvelez@aol.com*)
Co-Counsel for Plaintiff
The One Crosswoods Building
100 East Campus View Road, Suite 250
Worthington, Ohio  43235
Telephone:  (614) 804-9918
Facsimilie:  (614) 343-2222

Michael T. Cox (0080691)
(*mtcox149@yahoo.com*)
Co-Counsel for Plaintiff
4930 Reed Road
Columbus, Ohio  43220
Telephone:  (614) 457-7700
Facsimile:  (614) 457-7878

**CERTIFICATE OF SERVICE**

       I hereby certify that on December 16, 2010, a copy of the foregoing Plaintiff's Reply in Support of Plaintiff's Motion for Leave to File Second Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's ECF system.

                                                 /s/ Robert J. Beggs
                                                 Robert J. Beggs (0002966)